# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| NORTH AMERICAN VAN LINES, INC., <br><br> Plaintiff, <br><br> v. <br><br> NORTH AMERICAN MOVING AND STORAGE, INC., <br><br> Defendant. | CAUSE NO.: 1:18-CV-196-HAB |

## OPINION AND ORDER

The Plaintiff, North America Van Lines, Inc., obtained a default judgment in its favor against the Defendant, North American Moving and Storage, Inc. (2/10/2020 Opinion and Order, ECF No. 51.) The relief awarded in the final judgment is to include reasonable attorney fees and costs. The specific amount of attorney fees and costs has not yet been determined. On March 2, 2020, Plaintiff filed its Brief in Support of the Award of Attorneys' Fees and Costs (ECF No. 54) with supporting documentation. This Opinion and Order determines the reasonable fees and recoverable costs.

## ANALYSIS

This is an action for willful federal trademark infringement and cybersquatting under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125 *et seq.*, and common law unfair competition. The Court has awarded the Plaintiff statutory damages in the amount of $100,000 for cybersquatting pursuant to 15 U.S.C. § 1117(d). In addition, Plaintiff has obtained injunctive and equitable relief preventing Defendant from

using certain trademarks in connection with goods or services of the type offered by the Plaintiff, registering any other domain names that contain North American Van Lines, Inc., trademarks or variations thereof, and requiring that Defendant forfeit the registration for www.northamericamoving.com, if Defendant retains any rights to the domain name.

Under 15 U.S.C. § 1117, trademark infringement plaintiffs may recover "the costs of the action," and "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The award of costs is made as a matter of course. *Id.*; Fed. R. Civ. P. 54(d)(1). The decision to award attorney fees is left to the Court's discretion. *TE-TA-MA Truth Found.-Family of URI, Inc. v. World Church of the Creator*, 392 F.3d 248, 257 (7th Cir. 2004). Willful infringement on the part of defendants is one way in which a case may be "exceptional" for the purpose of awarding attorney fees. *NCAA v. Kizzang LLC*, 304 F. Supp. 3d 800, 813 (S.D. Ind. 2018) (citing *MetroPCS v. Devor*, 215 F. Supp. 3d 626, 638 (N.D. Ill. 2016)).

The Court has already determined that this case falls within the category of "exceptional cases" that warrant the award of attorney fees under the Lanham Act. To determine a reasonable fee award under a fee-shifting statute, a court relies on the "lodestar method." *See, e.g.*, *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). The lodestar is the product of the hours reasonably expended on the case multiplied by a reasonably hourly rate. *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012) (citing *Pickett v. Sheridan Health Care*, 664 F.3d 632, 640–43 (7th Cir. 2011)).

The movant bears the burden of proving that the requested hourly rate is reasonable and "in line with those prevailing in the community." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011). In determining whether the hours spent on litigation are reasonable, the Court should consider the result obtained, whether any time was "inefficient or duplicitous," or if the attorney's hours were not adequately documented. *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1314 (7th Cir. 1996). Generally, counsel's decisions on how to spend time litigating a matter are reasonable in the absence of particularized evidence of the contrary. *Id.*

Plaintiff asserts that $23,300.00 of fees were expended in the prosecution of this action based on 60.1 hours of attorney time, which excludes the time for filing the unsuccessful Request for Clerk's Entry of Default Judgment. Both attorneys billed Plaintiff at a reduced hourly rate of $400 per hour for partners, and $250 per hour for associates. In support of its request that these amounts be awarded in full, Plaintiff provides the Declaration of Mary A. Smigielski, a partner in the law firm of Lewis Brisbois Bisgaard & Smith, and, along with attorney Bryan Sugar, the attorney who performed the majority of work in this case. Exhibits to the Declaration include the attorney summary reports for each attorney who performed work in the case showing the date, hours spent, and description of services.

The Court must determine (1) the number of hours reasonably expended by Plaintiff's counsel, (2) the reasonable hourly rate for those services, and (3) costs. *Johnson*, 668 F.3d at 931 (first citing *Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 544 (7th Cir. 2009); then citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

**A.     Hours Reasonably Expended**

The billed time includes, but is not limited to, investigation, drafting the complaint, service of process, attempts to reach Defendant, the Motion for Default, the Motion for Entry of Default Judgment and related court appearances. In Attorney Smigielski's professional opinion, the services that counsel performed and the number of hours spent are reasonable considering the nature of the services and results achieved.

Plaintiff has not attached the time diaries. However, sixty hours does not strike the Court as an unreasonable time to have expended in this matter, particularly given the need for investigation, drafting two pleadings, and Defendant's attempts to avoid service.

**B.     Hourly Rate**

Attorney Smigielski's Declaration establishes that partners working on the case billed at an hourly rate of $400. However, Attorney Sugar's standard hourly rate is $650. Likewise, Attorney Smigielski typically bills at $750 per hour. They are 2001 and 1993 law school graduates who specialize in intellectual property and technology. Attorney Smigielski submits that, in her professional opinion, the rates billed were in accordance with the market for legal services performed in Indiana.

Reasonably hourly rates are derived from the market rate. *Johnson*, 668 F.3d at 933. "The best evidence of an attorney's market rate is his or her actual billing rate for similar work." *Id.* (citing *Pickett*, 664 F.3d at 639–40). According to Attorney Smigielski's Declaration, the two attorneys who spent the majority of hours on this case typically bill $250 to $350 more per hour than what they submitted for fees in this case based on

4

Plaintiff's negotiated rate. Accordingly, counsel has satisfactorily established that $400 is presumptively appropriate as the market rate for partner work in this trademark infringement action. Although the Affidavit does not address the $250.00 rate for associate work, the Court finds that it is a reasonable rate.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Motion (ECF No. 54), and AWARDS Plaintiff $22,300.00 in attorney fees.

SO ORDERED on March 6, 2020.

                                           s/ *Holly A. Brady*
                                           JUDGE HOLLY A. BRADY
                                           UNITED STATES DISTRICT COURT